

FILED
Clerk's Office
USDC, Mass.
Date *4-13-05*
By *MR*
Deputy Clerk



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 12, 2005

Barry P. Wilson, Esq.
240 Commercial Street
Boston, MA 02109

Re: <u>United States v. Jose J. Galinha</u>
    Criminal No. 04-10134-DPW

Dear Mr. Wilson:

　　This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jose J. Galinha ("Defendant"), in the above-captioned case.  The Agreement is as follows:

　　1.　　<u>Change of Plea</u>

　　At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above-captioned Indictment.  Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in the Indictment, and is in fact guilty of those offenses.

　　2.　　<u>Penalties</u>

　　Defendant faces the following maximum penalties:

<u>Counts 1-20 (Tax Evasion)</u>

- 5 years' imprisonment;
- a fine of $100,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment.

Count 21 (Structuring Currency Transactions)

- 5 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

a. The parties agree that the base offense level for tax evasion (Counts 1-20) and structuring currency transactions (Count 21), which would be grouped together in this case, is 16 pursuant to U.S.S.G. §§2T1.1(a)(1) and 2T4.1(F) based upon the agreed upon readily provable amount of tax loss of approximately $100,000.

b. The parties further agree that Defendant should receive a 3-level downward adjustment in the offense level for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(b)(2).

c. The parties agree that Defendant's Total Offense Level is therefore 13.

d. Based on information available at this time, the parties currently believe that Defendant's Criminal History Category is calculated to be either a Level I or a Level II.

e. The parties agree that the Sentencing Guideline range is either 12-18 months' incarceration (if Criminal History Category I) or 15-21 months' incarceration (if Criminal History Category II).

2

f.  The parties agree that the fine range is $3,000 to $30,000, pursuant to U.S.S.G. §5E1.2(c)(3).

The U.S. Attorney reserves the right to oppose Defendant's departure argument(s), if any.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)  Fails to admit a complete factual basis for the plea;

    (b)  Fails to truthfully admit his conduct in the offenses of conviction;

    (c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)  Fails to provide truthful information about his financial status;

    (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)  Intentionally fails to appear in Court or violates any condition of release;

    (h)  Commits a crime;

    (i)  Transfers any asset protected under any provision of this Agreement; and/or

    (j)  Attempts to withdraw his guilty plea.

3

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)   Incarceration within the applicable U.S. Sentencing Guideline range;

    (b)   A $5,000 Fine;

    (c)   Restitution of $100,000;

    (d)   Mandatory special assessments of $2100;

    (e)   Three years supervised release.

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

    (a)   Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

    (b)   Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    (c)   Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    (d)   File accurate and complete tax returns for those years for which returns were not filed or for which  inaccurate returns were filed; and

    (e)   Make a good faith effort to pay all delinquent

and/or additional taxes, interest and penalties.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

>    (1)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;
>
>    (2)    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support; and
>
>    (3)    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Indictment is satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this agreement.

7.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the

applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds

for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

## 12. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

## 13. Complete Agreement

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Brian T. Kelly.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

Michael K. Loucks
Section Chief

Brian T. Kelly
Assistant U.S. Attorney

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Jose J. Galinha
Defendant,

Date: 4/13/05

I certify that Defendant Jose Galinha has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Barry P. Wilson, Esq.
Attorney for Defendant

Date: 4/13/05

8