UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>VS.<br><br>JOSE GALINHA,<br>DEFENDANT. | Docket No. 04-10134-DPW |

## DEFENDANTS MOTION FOR DOWNWARD DEPARTURE

Defendant moves that this Court grant a downward departure to level 8 and categorize him as a Criminal History Category I for the reasons herein stated.

Defendant stands convicted of his plea of guilty to 20 counts charging him with tax evasion, in violation of 26 U.S.C.§ 7201 and one count of structuring financial transactions to avoid reporting requirements, in violation of 31 U.S.C.§ 5324, count 21. The defendant pled guilty on the 13th of April 2005, and is to be sentenced by this Court on the 14th of July 2005. The defendant pled guilty pursuant to a plea agreement, which depending upon whether the defendant has a Criminal History Category I or II calls for a sentence of either 12 to 18 months (Criminal History I ) or 15 to 21 months incarceration (Criminal History II).

The Probation Officer has determined that pursuant to count 21 and her calculations, which the defendant in his objections disagrees with and is contradictory to the plea agreement and the calculations of both the government and defense counsel, results in a level 19 with a Criminal History Category II and a guideline imprisonment

range of 33 to 41 months. The Probation Officer has also included in this calculation an additional 2 points for specific offense characteristics which again is contrary to the positions of the government and defense counsel. However, if the Court determines that Mr. Galinha is in fact a Criminal History Category II, then pursuant to the agreement, his guideline range is between 15 and 21 months.

**Grounds For Downward Departure**

(1) Criminal History

The Defendant has convictions for three misdemeanors that originate from two incidents. The first incident occurred on the 16th of June 1989 and involved a conviction for illegal possession of Class B, to wit cocaine, and illegal possession of Class C, to wit valium. The second conviction occurred on the 15th of June 1990 and again Mr. Galinha pled guilty to illegal possession of a Class B substance, to wit cocaine. All of these offenses are misdemeanors, committed, one approximately eight years ago, and the other approximately nine years ago before the date of the instant offenses. Thus this case falls squarely within the example given at U.S.S.G. § 4A1.3, Application Note 3, suggesting a downward departure where there are "two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of criminal behavior in the intervening period". A review of Mr. Galinha's record indicates that his only other matter subsequent to these misdemeanor convictions was an operating after suspension in 1993.

(2) Family circumstances/ physical infirmity.

(2)

Family ties and responsibilities are not ordinarily relevant under U.S.S.G.§5H1.6 in considering a request for departure. Further, only a extraordinary physical impairment may be a reason to depart downward under U.S.S.G.§5H1.4. However, in this case we do have a situation where there are two young children involved. Said children are going through a divorce as result of this situation and now face the potential of losing the companionship as well as the economic and emotional support of their father if he is incarcerated. Further, it does appear that Mr. Galinha's health seems to be in question in view of his high blood pressure, his continuing experiencing chest/heart pains once per week, and his statements as having some difficulty standing for long periods of times. In short, it appears that Mr. Galinha may be a time bomb that is in desperate need of a full physical examination to determine the extent of his physical impairments. Appreciating this situation, incarceration does not appear to be something that would be beneficial, especially given that Mr. Galinha attributes his entire health problems to the stress of the situation and prison would only exacerbate said stress.

## Conclusion

The Defendant does bring to the attention of the Court that the conduct he engaged in certainly is against the law but it should be appreciated that it is, unfortunately, conduct that is rather regularly engaged in (day work) on New Bedford's waterfront. Again, this is not a justification, only a request to the Court to appreciate and put in context exactly what the situation is.

Further, given the consideration and totality of the circumstances, pursuant to **United States v. Skyler 920 F 2nd 107, 117 First Circuit 1990,** this Court should grant the downward departure to a level that would permit a sentence of probation and if necessary, home confinement pursuant to a bracelet with the opportunity for Mr. Galinha to work. A period of incarceration for Mr. Galinha will be nothing more than punishment; however, if the goal of society is to correct anti social behavior then incarceration will not further that purpose. There does not appear to be anything to gain from sending the defendant to prison. He has lost his job, lost his business, lost his family and will never go down this road again. Mr. Galinha finds himself in a very precarious economic situation as a result of this endeavor. It will take Mr. Galinha a number of years in order to remedy and rectify this situation, and it is requested that the Court enter a sentence that would serve the overall needs of society by enabling Mr. Galinha to begin to correct the wrongs he has committed by being able to make payments towards the money he owes as a result of his actions.

Respectfully Submitted,
FOR THE DEFENDANT,

Barry P. Wilson
BBO#529680
LAW OFFICES OF BARRY P. WILSON
240 Commercial Street
Suite 5A
617 248 8979
617 523 8700 Fax

Date 7/11/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) | Docket No. 04-10134-DPW |
| VS. ) ) | |
| JOSE GALINHA, ) DEFENDANT. ) | |

## CERTIFICATE OF SERVICE

    I Barry P. Wilson hereby certify that I faxed a copy and mailed a copy of the Defendants Motion for a Downward Departure to Jennifer D. Sinclaire Senior U.S. Probation Officer, 1 Courthouse Way, Suite 1200 Boston, MA. 02210, and Brian Kelly, Assistant U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA. 02210, postage prepaid.

    Signed under pains and penalty of perjury.

                                                              Barry P. Wilson

BPW/kt